IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR VILLEGAS,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>K. BUCKLEY, et al.,<br><br>　　　　　　　Defendants. | Case No. CIV S-02-1613 (JKS)<br><br>O R D E R |

　　　Plaintiff Eleazar Villegas is a state prisoner serving a state prison term. He brings this action under 28 U.S.C. §§ 1983 and 1985 alleging a number of infractions by prison officials in violation of his constitutional rights. In his first amended complaint, Villegas alleges that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment, that Defendants retaliated against him for exercising his First Amendment rights, that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, and that Defendants violated his due process rights under the Fourteenth Amendment. Docket No. 21 at 16–20.

　　　The bulk of Villegas's complaint relates to two assaults in 1999 that Villegas suffered at the hands of other inmates. Villegas alleges on information and belief that Defendants purposefully failed to protect him—indeed, even encouraged other inmates to attack him—due to Villegas's past history of complaining against prison officials and filing numerous grievances. He also complains that prison officials ignored his injuries and that as a result, he has suffered permanent injuries. He asks for declaratory and injunctive relief, as well as compensatory, punitive, and special damages. *Id*. at 22.

　　　Some time ago, this and other courts assigned to this case granted Villegas a number of extensions of time to file an amended complaint. *See* Docket Nos. 12; 18; 20. Villegas has since filed

1

his amended complaint. However, the amended complaint was never screened in accordance with 28 U.S.C. § 1915A. Accordingly, after screening Villegas's amended complaint pursuant to § 1915A, the Court finds that Villegas has made an initial showing of good cause to bring suit. Good cause being found, the Court directs the following:

1. Service of the first amended complaint at Docket No. 21 is appropriate for the following Defendants: Gerald E. Harris, K. Buckley, M. Burch, M. Freitas, R. Pottieger, G.J. Johnson, C.A. Terhune, L. Melching-Rianda, Tony Loftin, M. Jensen, Rusty Gagnon, M.P. Moore III, Arlene Solis, Lewis Jones, Pat Madeville, P. Estrada, Kessler, Caton, Butifoker, J. Salazar, S. Archibald, Lustman, Lucine, Clark, Parkinson, Edgar, Doherty.

2. The Clerk of Court shall send Villegas twenty-seven USM-285 forms, one summons, and an instruction sheet.

3. Within thirty (30) days from the date of this Order, Villegas shall complete the attached Acknowledgment of the Receipt of Documents and submit the completed Acknowledgment with the following documents to the Court:

    a. One completed summons;
    b. One completed USM-285 form for each Defendant listed in number 1 above; and
    c. Twenty-seven copies of the first amended complaint found at Docket No. 21.

4. Villegas need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. The Clerk of Court is directed to send Constance L. Picciano of the Attorney General's Office for the State of California a copy of Villegas's first amended complaint at Docket No. 21 and a copy of this Order.

ORDER

The parties are directed to proceed with this case according to this Court's standing order at Docket No. 17.  In order to assure the smooth development of this case, Villegas is reminded of several things.  First, he should not file any motions ex parte.  Villegas must serve Defendants anytime he requests any relief from or action by this Court.  *See* Fed. R. Civ. P. 5.  Second, he should not write letters to the Court or file requests for action or objections to orders.  If Villegas wishes for the Court to take action, he must file a motion.  If he opposes a motion filed by Defendants, he should file an opposition.  *See* Fed. R. Civ. P. 7.  Third, Villegas should not file any discovery requests with the Court.  Villegas should initially file his discovery requests on Defendants.  If Defendants fail to comply with the discovery rules, Villegas may then move for an order compelling discovery and sanctions and at that time attach the requests for discovery to the motion.  *See* Fed. R. Civ. P. 37.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this   18th   day of July 2005.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER