IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR VILLEGAS,<br><br>          Plaintiff,<br><br>     vs.<br><br>K. BUCKLEY, et al.,<br><br>          Defendants. | Case No. 2:02-cv-01613 (JKS)<br><br>ORDER |

## I - INTRODUCTION

Plaintiff Eleazar Villegas is a prisoner without counsel seeking relief under 42 U.S.C. §§ 1983 and 1985 for alleged violations of his civil rights. Specifically, Villegas alleges that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment, that Defendants retaliated against him for exercising his First Amendment rights, that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, and that Defendants violated his due process rights under the Fourteenth Amendment.

The matter is now before the Court on the motion of Defendants Doherty, Lustman and Parkinson to dismiss this action with respect to them on the ground that Villegas failed to exhaust available administrative remedies. Docket No. 48. Despite being granted an extension of time, Villegas has failed to respond, and Defendants' motion is now ripe.[1] Having reviewed the pending

---

[1] Pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the Court informed Villegas of the requirements for opposing motions for summary judgment, and motions to dismiss pursuant to the unenumerated portion of Rule 12(b). Docket No. 30. The Court thus presumes Villegas' failure to respond was not due to lack of notice.

1

motion and record, the Court has determined that oral argument on the motion would not be helpful. Local Rule 78-230(m).

## II - FACTS

While incarcerated at Salinas Valley State Prison ("SVSP"), Villegas was attacked on two occasions by other inmates. Docket No. 21 at 9-12. Villegas suffered injury to his finger as a result of the first attack on August 4, 1999. *Id*. at 12. Villegas claims that after the first attack, Defendants Doherty, Lustman and Parkinson (hereinafter "Defendants") provided inadequate treatment, delayed sending him to an orthopedic surgeon, and withheld his pain medication after he underwent corrective surgery. *Id*.

The second attack occurred three days after the surgery on September 6, 1999. *Id*. The second attack resulted in bruising to his back and arms and the reinjury of his finger. Docket No. 21, Ex. K at 1-2. Villegas claims that Defendants again delayed sending him to a surgeon and refused to treat his medical complaints, resulting in permanent disability and years of pain. Docket No. 21 at 13-15.

Defendants move for dismissal, claiming that all of this is irrelevant because Villegas failed to exhaust his available administrative remedies. Docket No. 48 at 3. In support of this contention, Defendants have submitted declarations from the current Appeals Coordinator at SVSP, and the Chief of the Inmate Appeals Branch. Docket No. 48, Exs. A and B. Variz, the current Appeals Coordinator at SVSP, declares that he has searched the records at SVSP diligently and cannot find an appeal by Villegas against Defendants, or concerning inadequate medical care of Villegas' injured hand. Docket No. 48, Ex. A. Grannis, the Chief of the Inmate Appeals Branch, declares that he has searched diligently and is unable to locate any record of an appeal by Villegas for Director's level review concerning the Defendants or inadequate medical treatment of Villegas' injured hand. Docket No. 48, Ex. B.

Although Villegas has failed to file an opposition to Defendants' motion to dismiss, his First Amended Complaint contains a few documents which relate to the issue of exhaustion of the claims against Defendants. *See* Docket No. 21, Ex. M. According to these records, Villegas filed a Health Care Services Request on October 6, 1999, seeking follow-up on his injuries. *Id*. at 1. By his own

ORDER

admission, this follow-up was received on October 29, 1999. Docket No. 21 at 14. The second item is a letter from Villegas to the SVSP Appeals Coordinator dated March 14, 2000. Docket No. 21, Ex. M at 3. In the letter, Villegas expressed concern for three administrative appeals related to his medical treatment for which he alleged to have not received a response. *Id*. Attached to the letter is a reply from the Appeals Coordinator dated April 6, 2000, which states that there was no record of the aforementioned appeals at SVSP, and that Villegas should pursue follow-up treatment at his current place of incarceration.[2] *Id*. at 2. No other evidence has been offered by either party as to the exhaustion issue currently before the Court.

### III - LEGAL STANDARD

The Ninth Circuit has held that administrative exhaustion is a defense which "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id*. at 1119-20. If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice." *Id*. at 1120.

Several recent decisions from the district courts for the Eastern District of California and the District of Massachusetts have expressed concern that *Wyatt* has been overruled *sub silentio* by *Jones v. Bock*, 127 S. Ct. 910 (2007). *See e.g.*, *Chatman v. Johnson*, No. CIV S-06-0578, 2007 WL 2023544 (E.D. Cal. 2007); *Gregory v. Adams*, No. CIV S-05-1393, 2007 WL 2481769 (E.D. Cal. 2007); *Maraglia v. Maloney*, 499 F. Supp. 2d 93 (D. Mass. 2007). The essential concern is that the Supreme Court's clarification that failure to exhaust is an affirmative defense now requires the defense to be considered on summary judgment rather than as an unenumerated 12(b) motion. *See Gregory*, 2007 WL 2481769 at 3. Although both procedures allowed courts to move beyond the pleadings, disputed issues of fact formerly decided by the court as matters in abatement would necessarily be reserved for trial, and perhaps even a jury, because they are unfit for summary

---

[2] Although the details are unclear from the pleadings and exhibits reviewed by the Court, it is apparent that Plaintiff Villegas was transferred out of SVSP sometime between October 1999 and April 2000.

ORDER

judgment. *See Maraglia*, 499 F. Supp 2d at 97-98 (finding that disputed issues of fact related to whether plaintiff prisoner had exhausted administrative remedies were questions reserved for a jury).

Although immaterial to this case because there are no disputed issues of fact,[3] this Court believes *Wyatt* continues to be good law.  The Supreme Court's formal recognition of failure to exhaust as an affirmative defense does not necessarily alter the burden imposed on defendants by *Wyatt* of "raising and proving the absence of exhaustion."  *See Wyatt*, 315 F.3d at 1119.  In fact, the Supreme Court cited *Wyatt* as an example of treating exhaustion as an affirmative defense.  *Bock*, 127 S. Ct. at 915 n.2.  The formal nomenclature used by the Court simply does not detract from the Ninth Circuit's reasoning in *Wyatt* that failure to exhaust is a matter in abatement because *it does not go to the merits* of plaintiff's claim.  *See Wyatt*, 315 F.3d at 1119.  Further, even if *Wyatt* were overruled by *Bock*, the conclusion of the court in *Maraglia* that disputed facts concerning exhaustion must be put to a jury does not make sense in light of the equitable nature of exhaustion doctrine.  *See* 12-57 *Moore's Federal Practice* § 57.23 (Matthew Bender 3d ed. 2007).

Finally, the Court notes that Defendants' motion to dismiss has been filed after the responsive pleading.  *See* Docket Nos. 43 and 48.  There is clear authority in the Ninth Circuit for the proposition that a motion to dismiss alleging one of the enumerated defenses under Rule 12(b) is untimely and must be recharacterized and considered under Rules 12(c) or 56.  *See, e.g., Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); *Aetna Life Ins., Co. v. Alla Med. Servs. Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988).  The Court does not believe the timing requirement must be applied to a motion under the unenumerated portion of Rule 12(b).

Rule 12(b) itself appears to specify the timing requirement only for the seven enumerated defenses: "the following defenses may at the option of the pleader be made by motion . . . . A motion making any of *these* defenses shall be made before pleading . . . ." Fed. R. Civ. P. 12(b) (emphasis added).  The procedural posture of *Wyatt* itself supports this conclusion.  The exhaustion

---

[3] Villegas has failed to file anything that might refute or explain the evidence offered by Defendants showing that his claim of deliberate indifference to his medical needs was never exhausted.

ORDER

4

claim in *Wyatt* was raised by a motion for summary judgment after the responsive pleading had been filed. *See* Civil Docket, *Wyatt v. Terhune*, No. 2:99-cv-00503 (E.D. Cal.). The Ninth Circuit still counseled that the failure to exhaust issue should be considered under Rule 12(b) rather than Rule 56 because summary judgment is "on the merits" and failure to exhaust is a matter in abatement. *Wyatt*, 315 F.3d at 1119.

This Court will thus consider the present motion as a motion to dismiss under the unenumerated portion of Rule 12(b) in accordance with *Wyatt*.

## IV - DISCUSSION

A prisoner may not bring an action under 42 U.S.C. § 1983 until he has exhausted administrative remedies. Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). The law requires "proper exhaustion," which means "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Bock*, 127 S. Ct. at 922-23 (quoting *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006)). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The State of California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through an initial informal level, and three formal levels of review, culminating in a Director's Level Decision. *Id*. at § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the Director's level satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). *See Barry*, 985 F. Supp. at 1237-38.

In this case, Defendants assert that Villegas failed to exhaust his administrative remedies with respect to his claim against them alleging deliberate indifference to his medical needs. To support this assertion, Defendants have offered declarations which make it clear that Villegas has not brought an administrative appeal regarding his claim of deliberate indifference to his medical needs through the Director's level in satisfaction of the exhaustion requirement.

ORDER

Villegas has provided some records which indicate he may have initiated the administrative grievance process, but he has provided nothing to refute or explain Defendants' evidence showing he failed to pursue his grievance through to exhaustion.  The Court concludes there is no dispute of material fact–Villegas failed to exhaust his administrative remedies with respect to his claim of deliberate indifference to medical needs against Defendants Doherty, Lustman and Parkinson.

**IT IS THEREFORE ORDERED**:

Defendants' motion to dismiss at **Docket No. 48** is **GRANTED**.  Defendants Doherty, Lustman and Parkinson are **DISMISSED WITHOUT PREJUDICE**.

Dated this the 15th day of October 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER