IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR VILLEGAS,<br><br>               Plaintiff,<br><br>   vs.<br><br>K. BUCKLEY, et al.,<br><br>             Defendants. | Case No. 2:02-cv-01613 (JKS)<br><br><br>TRIAL-SETTING ORDER |

## CASE STATUS

This case is ready for trial.  Discovery is closed and the time for filing dispositive motions has elapsed.  After conferring with Plaintiff, Defendants hold out some hope for settlement, but have certified the case is ready for trial.[1]  Docket No. 58.

Trial is set by jury on **October 6, 2008**, in Courtroom No. 3, United States Courthouse, Sacramento, California.  The trial is estimated to require four days, including jury selection.  To facilitate the trial process, a Final Pretrial Conference, pursuant to Federal Rule of Civil Procedure 16(e), will be held immediately preceding the start of the trial on **October 6, 2008 at 9 o'clock a.m.**  The conference is designed to accomplish the following:  limit and define the issues for trial; determine an agreed-upon statement of facts; resolve objections and other matters relative to witnesses and exhibits; and dispose of any final motions.  In furtherance of these goals, the Court has developed a schedule for the submission of certain documents prior to the Final Pretrial Conference.

---

[1]A settlement conference will be held by a United States Magistrate Judge pursuant to Local Rule 16-270(a).  An order setting the settlement conference will be docketed once a magistrate judge has been assigned.

1

## PRETRIAL PROCEDURES

First, the parties shall submit pretrial statements in accordance with Local Rule 16-281 no later than **August 4, 2008**.  Along with the pretrial statements, the parties are required to file the following documents:  (1) trial brief in accordance with Local Rule 16-285; (2) final list of witnesses who will testify at trial; (3) final exhibit lists; (4) the Judge's Copy of trial exhibits (lodged with the Clerk of Court); (5) proposed jury instructions; (6) proposed voir dire questions; (7) proposed special verdict questions; and (8) motions necessary to obtain the attendance of witnesses at trial (collectively "Pretrial Documents").  The pretrial documents must be submitted with the pretrial statements no later than **August 4, 2008**.

Second, the parties will each submit a comprehensive proposed pretrial order, as outlined below.  *See* Local Rule 16-283(a).  The proposed pretrial orders must be submitted no later than **August 25, 2008**.

Third, the parties shall submit a supplemental trial brief addressing those issues that are in dispute and making any objections to the other party's proposed pretrial order, jury instructions, *voir dire*, special verdict questions, witnesses and exhibits.  *See* Local Rule 16-285(b).  All objections to these items must be  must be made and supported in this brief.  Failure to make objections may be deemed waiver of the issue.  The supplemental trial brief shall be filed no later than **September 15, 2008.**

Fourth, the Court will issue a tentative pretrial order on or about September 22, 2008.  The Court will attach to that order tentative jury instructions, *voir dire*, and a special verdict form if applicable.  The parties should be prepared to discuss any objections to the tentative pretrial order and attachments at the Final Pretrial Conference.

Fifth, the Court will hold the Final Pretrial Conference on **October 6, 2008**, at **9 o'clock a.m.**, to discuss any unresolved issues.  Following the conclusion of the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will supersede the pleadings, determine the issues to be submitted at trial, and govern all further proceedings.  **The parties must follow the guidelines discussed below in preparing the documents discussed above**.


ORDER

*A.     Exhibits*

The parties must file a list of exhibits and lodge with the Clerk of Court the Judge's Copy of the exhibits.  The Judge's Copy of trial exhibits should be hole-punched, tabbed, and placed in binders.  All depositions that are to be used for any purpose at trial must be lodged with the Clerk of Court not less than five days prior to the Final Pretrial Conference.  Any depositions offered at that time will be ordered published as a matter of course.  The parties must debate all objections to exhibits in the trial briefs as described below.

For clarity and ease of identification, exhibits shall be identified as follows:  All exhibits to be offered at trial must be sequentially numbered—1, 2, 3, etc., not A, B, C, . . . AA, BB, CC, etc.  Plaintiff's exhibit numbers shall be preceded by a "P"—P1, P2, etc.  Likewise, Defendant's exhibits shall be preceded by a "D"—D1, D2, etc.  Exhibits to which both sides will refer shall not be grouped in a separate "joint" set of exhibits.  In the event both parties submit the same exhibit, that exhibit will be deemed to be admitted by stipulation.

*B.     Trial Briefs*

Trial briefs shall contain a summary of the party's position.  *See* Local Rule 16-285.  The briefs shall contain all authorities upon which the party relies in support of its position on each contested issue of law.  In addition, the briefs shall disclose and address those theories of the case that the party will present at trial, and those claims and defenses that the party, after carefully reviewing the pleadings, discovery, and prior motion practice, expects its opponent to present at trial.

All objections to exhibits must also be supported in the trial briefs.  Where the exhibit is being offered for a limited purpose, that fact should be made clear so that the parties may consider eliminating the exhibit by stipulation to one or more facts.  The initial trial brief should address any anticipated objections.  All objections must be made specific in the supplemental trial brief due September 15, 2008.

*C.     Proposed Pretrial Orders*

A sample Proposed Pretrial Order with explanations is attached.  The parties must follow this format.  The proposed pretrial orders are due no later than August 25, 2008.

ORDER

3

D.      *Jury Instructions*

        The parties shall file a complete set of jury instructions addressing all issues they wish to present to the jury.  Except as otherwise specifically provided herein, jury instructions are to be submitted in accordance with Local Rule 51-163.  The submitted instructions are to be taken from the Ninth Circuit Manual of Model Jury Instructions.  Attached to this order are the Court's standard preliminary and final jury instructions.  The parties should alert the Court to any standard instruction they believe is inappropriate for this case and explain why the instruction is inappropriate.  The parties should also propose instructions pertaining to the specific elements of each claim presented. The instructions pertaining to the specific claims presented will be inserted after the Court's first instruction.  If the proposed instruction is a Ninth Circuit Manual of Model Jury Instruction the parties need not re-type the instruction, but may merely list the proposed instructions by number, *e.g.*, Ninth Circuit Model Civil Jury Instruction 1.1 – Duty of Jury.

        Also attached is a draft of the Court's standard *voir dire* jury questionnaire and general questions for the panel.  The parties should review these questions and propose any additional questions deemed appropriate.  The parties should keep in mind that the purpose of *voir dire* is not to try one's case pretrial, but to determine which jurors, if any, should be excused because they have, or may have, disqualifying biases, prejudices, *etc*.  If a juror responds to a particular question with an answer that raises an issue as to that person's ability to be an impartial juror, the Court will likely allow counsel to later question the juror in open court, out of the presence of the other jurors, for the purpose of determining whether that juror has any prejudices, biases, etc.  *See* Fed. R. Civ. P. 47(a).  The parties must also submit a proposed special verdict form pursuant to Rule 49 of the Federal Rules of Civil Procedure, which addresses each disputed issue of material fact that the parties wish the jury to decide.  Failure to include a question in the proposed verdict form may be deemed a waiver of jury trial on that issue.

E.      *Obtaining Witnesses*

        Plaintiff is required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

ORDER

4

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for Plaintiff or Defendants.  Simply because a party lists a witness does not mean that the witness will be called.  Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called.  **Any motion by Plaintiff needed to secure witnesses must be submitted no later than August 4, 2008.**

      i.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court.  This Court will not issue such an order unless it is satisfied that:

    1.  The prospective witness is willing to attend;

        and

    2.  The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

    1.  State the name, CDC Identification number, and address of each such witness;

        and

    2.  Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

ORDER

The willingness of the prospective witness can be shown in one of two ways:

> 1.  The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

>         or

> 2.  The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

A prospective witness's actual knowledge of relevant facts can be shown in one of two ways:

> 1.  The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

>         or

> 2.  The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness' custodian to bring the witness to court.

/////

/////


ORDER

ii.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

iii.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

iv.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness's presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy of the Court's order granting Plaintiff in forma pauperis status. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

*F.    Final Pretrial Conference*

Prior to the Final Pretrial Conference, the Court will review the record and the supplemental and responsive trial briefs. The parties should be prepared to discuss all unresolved issues at the

ORDER

Final Pretrial Conference.  Following the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will govern all further proceedings.

G.    *Electronic Filers*

Parties who file electronically with the Court shall submit a copy of their proposed jury instructions, voir dire, special verdict forms, and trial briefs by email to singletonproposedorders@akd.uscourts.gov .  The copy shall be emailed in any of the popular word process formats, *e.g.*, WordPerfect of Microsoft Word, at the same time as filed.

**SUMMARY OF DEADLINES**

The parties should not assume that they are at liberty to stipulate to a change of the dates set within this Order.  If the parties do so stipulate, and the Court grants such stipulation, the Court reserves the right to vacate the trial date if the change in date(s) deprives the Court of adequate time to complete its trial preparation.  If the parties file a joint stipulation for an extension of time and the Court denies the motion, late filed documents will not be accepted, unless the Court grants leave to accept the late filed documents.  A summary of the deadlines imposed by this Order is as follows:

| | |
|---|---|
| Pretrial Statement & Documents | **August 4, 2008** |
| Proposed Pretrial Orders | **August 25, 2008** |
| Supplemental Trial Briefs | **September 15, 2008** |
| Tentative Pretrial Order | **September 22, 2008** |
| Final Pretrial Conference/Trial | **October 6, 2008** |

**IT IS SO ORDERED**.

Dated this the 23rd day of June 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PLAINTIFF,

                   Plaintiff,

    vs.

DEFENDANT,

                   Defendant.

Case No.

PROPOSED PRETRIAL ORDER

(*All of the **bold text** in this document is to be used verbatim by the parties in their Proposed Pretrial Order.  The remainder of this document is comprised of instructions and examples.*).

Pursuant to the Scheduling Order entered on [Date], the following is the Proposed Pretrial Order submitted by [Plaintiff/Defendant] to be discussed and considered at the Final Pretrial Conference set for [Date].

## I.    Parties

(*List the parties and their relationships.*).

## II.    Jurisdiction

(*Cite the authority(-ies) granting this Court jurisdiction.  Also, note whether jurisdiction is or is not disputed.  If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the reasons for the objection.  If jurisdiction is not disputed, the parties must still cite the authority(ies) granting the Court jurisdiction.*).

## III.    Schedule of Trial

(*List date, place, time, probable length, and whether trial will be by court or jury.*).

## IV.    Nature of Action

(*Provide a concise statement of the type of case, cause of action, and relief sought.* _Example:_ This is a prisoner civil rights case where the plaintiff seeks damages for personal injuries, pain and suffering as a result of defendant's indifference to his medical needs in that they denied him necessary medical treatment.  Plaintiff contends this treatment constituted cruel and unusual punishment. *Also, indicate which law governs,* i.e., *state or federal.  The statement of the nature of the action shall not contain argument or discussion of factual or legal disputes.*).

## V.    Legal Issues Already Decided by this Court

(*If the Court has made any legal determinations,* e.g., *partial summary judgment motions, motions* in limine, *or motions that eliminate certain parties, such determinations should be briefly addressed here.*).

ORDER

## VI.    Statement of Issues

(*At minimum, the statement of issues in this section must identify the legal elements required to be established by either party in order to establish each claim or affirmative defense asserted by either party.*).

## VII.    Statement of Uncontested Facts

(*The emphasis in the statement of uncontested facts should be upon the inclusion of all possible non-controversial, background material, which will serve to put into proper context the issues to be litigated. This statement shall include all facts upon which a party intends to rely and that to the best of the information, knowledge and belief of the submitting party the opposing party does not intend to controvert. In the preparation of the statement the parties shall each prepare a statement of facts that they intend to prove at trial, from which each side can identify those facts that are not to be controverted. Uncontested facts should be presented in simple English so that they can be read to and understood by a lay jury.*).

## VIII.    Contested Issues of Fact and Law

### A.    The Following Are the Issues of Fact to Be Tried and Decided:

(*Each issue of material fact must be stated separately and in specific terms. Each party's contention as to each issue must be set forth with respect to each and every issue of material fact.*).
        *Example:*
Issue 1:  Whether defendant had knowledge of plaintiff's medical condition.
        Plaintiff contends:  Defendant was presented with a copy of the medical report. . . .
        Defendant contends:  The medical report presented did not . . . .

### B.    The Following Are The Issues Of Law To Be Tried And Determined:

(*Each issue of law must be stated separately and in specific terms. Each party's contention as to each issue must be set forth with respect to each and every issue of law.*).
        *Example:*
Issue 1:  Whether Plaintiff's suit is barred by a failure to exhaust administrative remedies.
        Plaintiff contends:  . . . .
        Defendant contends:  . . . .

## IX.    General Questions for the Jury, Voir Dire Jury Questionnaire, Preliminary Jury Instructions, Jury Instructions, and Special Verdict Form (if a jury trial)

(*The parties should each submit a set of questions for the jury. The Court will review these questions and choose those that are appropriate.*
*The parties should next list the preliminary jury instructions and jury instructions. Any Ninth Circuit Model Jury Instruction or California Jury Instruction--Civil (CACI or BAJI) proposed may be indicated by its number; it is not necessary to re-type the instruction if it is identical to the pattern instruction. For each instruction, the parties shall list the instruction and provide argument in support of or against the instruction in supplemental trial briefs.*
*A proposed special verdict form should be submitted. If any party disagrees , with the proposal it should be argued in the supplemental trial briefs.*).

ORDER

10

## X.    Exhibits

(*The parties should list each exhibit in the order that it will be offered at trial.  The parties should indicate those exhibits as, "i.d."  By this stage, both parties should know the purpose and foundation for each exhibit.*
*For clarity and ease of identification, exhibits shall be identified as follows:  all exhibits to be offered at trial must be sequentially* numbered—*1, 2, 3,* etc., *not A, B, C . . . AA, BB, CC, etc.; plaintiff's exhibit numbers shall be preceded by a "P"—P1, P2,* etc.*; likewise, defendant's exhibits shall be preceded by a "D"—D1, D2,* etc. *In the event both parties submit the same exhibit, that exhibit will be deemed to have been admitted by stipulation.*)

## XI.    Witness Lists

(*A list of witnesses must accompany this order.  It shall list witnesses in the order they will testify, provide their respective addresses, identify each as either plaintiff's or defendant's witness, and indicate whether he or she is a fact, or expert, witness.  If a witness' address is unknown, that fact should be disclosed.  A brief statement as to the testimony of each witness must also be included. Additionally, the parties shall designate which witnesses:  1) shall be called at trial; 2) may be called at trial; and 3) are unlikely to be called at trial.*).

**The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for the plaintiff(s) or the defendant(s).  Simply because a party lists a witness does not mean that the witness will be called. Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called.**

## XII.    Effect of this Order

When finalized, this Proposed Pretrial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

ORDER

## GENERAL QUESTIONS FOR THE JURY

*Villegas v. Buckley, et al.*
2:02-cv-1613 JKS

1.     Does anyone here know or are any of you acquainted with any of the parties in this case?
       [List parties]

2.     Do you know any attorneys or employees from the law offices involved in this case?
       [List attorneys/employees]

3.     Do you know anyone else who is involved in or associated with this trial, such as Court
       personnel?

4.     Are you aware of anyone who may be called as witnesses in this case?

5.     Do you have any personal knowledge of, or have you read or heard anything about the facts
       surrounding this case?

6.     Have you or a close relative or friend ever worked for either party?

7.     Do you have any negative or positive ideas or feelings about prison officials or correctional
       officers?  If so, will that affect your ability to be a fair and impartial juror?

8.     Do you have any negative or positive ideas or feelings about people who have served terms
       in jail or prison?  If so, will that affect your ability to be a fair and impartial juror?

9.     Are any of you familiar with Salinas Valley State Prison, California?  If so, have you formed
       an opinion about this institution?  If so, what is your opinion?

10.    Have any of you read any books, reports, articles, or other publications relating to the
       operation of jails or prisons and the treatment of prisoners in California or elsewhere in the
       United States?  If so, have you formed any opinions based upon what you have read?  What
       is that opinion?  Will anything you have read affect your ability to serve as a fair and
       impartial juror?

11.    Are any of you now or have any of you ever been, associated with any group or organization

ORDER

12

that is concerned with the operation of jails or prisons, the treatment of prisoners, or the reform of prisons in California or elsewhere?  If so, have you formed any opinions based upon this experience?  Will that experience affect your ability to serve as a fair and impartial juror?

12.	Do any of you have any knowledge or entertain any attitudes or opinions about the operation of jails or prisons and the treatment of prisoners in California or elsewhere in the United States?  If so, what is the basis of your knowledge?  Will your knowledge, attitudes, or opinions affect your ability to serve as a fair and impartial juror?

13.	Have you, any relative, friend, or neighbor ever been an inmate of a jail or prison either in California or elsewhere?  If so, will that fact affect your ability to serve as a fair and impartial juror?

14.	Is there any reason you would treat the testimony of a law enforcement or correctional officer differently than the testimony of any other witness?

15.	Have you, any relative, friend, or neighbor ever been an employee of a jail or prison either in California or elsewhere? If so, will that affect your ability to serve as a fair and impartial juror?

16.	This case is expected to last (4) days.  Will that impose a hardship on any of you?

17.	Is there any other reason that you would like to bring to the Court's attention why you question your ability to decide this case based solely on the evidence presented to you?

ORDER

## VOIR DIRE JURY QUESTIONNAIRE

*Villegas v. Buckley, et al.*
2:02-cv-1613 JKS

When you are called upon, please stand with the microphone and give the following information to the attorneys, the parties, and the Court.  The microphone is not connected to a loudspeaker, but it does record what you say, so it is necessary that you speak clearly and loudly into it.

If in response to any of the questions you would prefer to answer in private, please so indicate and at a later time you will be asked to come forward and discuss your answer confidentially with the Court and counsel at the bench.

1.    State your name, and spell your last name.  Where were you born, and where were you raised?

2.    What neighborhood do you live in?  How long have you lived in California?

3.    What is your marital status?  What is your spouse's name?  Please give the number of children, their ages, and their occupations if they are adults.

4.    What is the highest level of formal education that you've attained?

5.    What is the name of your employer?  Please give a brief work history, and if you are married, please give your spouse's occupation.

6.    What are your hobbies, interests, and organizations, and any public expressions of your opinions?  For example, do you have any bumper stickers, or any political activity that is public?  Have you ever run for public office?

7.    Are you a citizen of the United States?

8.    Do you have any military service?  Your rank at discharge?

9.    Have you ever served on a jury?  If so, (a) when was that? (b) Was it a civil or a criminal case? (c) Was it a grand jury or a trial jury? (d) Did the jury reach a verdict in that case?

10.   Do you know either of the parties, a lawyer present in the courtroom, or any of the witnesses named by an attorney?

ORDER

14

11.     Do you have a special disability or a medical condition which would make it difficult for you to serve as a juror?

12.     Is there any reason you are concerned about your ability to be fair to both sides in this case?

13.     Is there anything else that you feel that the lawyers, parties or the Court should know regarding your jury service?

ORDER

## PROPOSED JURY INSTRUCTIONS

[*Note: Unless otherwise indicated, Instructions are taken from the Manual of Model Civil Jury Instructions promulgated by the U.S. Court of Appeals for the Ninth Circuit and are available for reference on the Ninth Circuit's web page at http://207.41.19.15/web/sdocuments.nsf/civ.*]

## PROPOSED PRELIMINARY JURY INSTRUCTIONS

| | |
|---|---|
| 1.1A | Duty of Jury |
| 9.1 | Section 1983 Claim—Introductory Instruction |
| 9.2 | Section 1983 Claim Against Defendant in Individual Capacity - Elements and Burden |
| 9.3 | Section 1983 Claim Against Supervisory Defendant in Individual Capacity - Elements and Burden |
| 9.8 | Causation |
| 9.10 | Particular Rights—First Amd. - "Citizen" Plaintiff |
| 9.25 | Particular Rights—Eighth Amd. - Prisoner's Claim re Conditions of Confinement |
| 1.2 | Claims and Defenses |
| 1.3 | Burden of Proof - Preponderance of the Evidence |
| 1.4 | Burden of Proof - Clear and Convincing Evidence |
| 1.5 | Two or More Parties - Different Legal Rights |
| 1.6 | What Is Evidence |
| 1.7 | What Is Not Evidence |
| 1.8 | Evidence For Limited Purpose |
| 1.9 | Direct and Circumstantial Evidence |
| 1.10 | Ruling on Objections |
| 1.11 | Credibility of Witnesses |
| 1.12 | Conduct of Jury |
| 1.13 | No Transcript Available to Jury |
| 1.14 | Taking Notes |
| 1.18 | Bench Conferences and Recesses |
| 1.19 | Outline of Trial |

## PROPOSED FINAL JURY INSTRUCTIONS

| | |
|---|---|
| 1.1C | Duty of Jury |
| 9.1 | Section 1983 Claim—Introductory Instruction |
| 9.2 | Section 1983 Claim Against Defendant in Individual Capacity - Elements and Burden |

ORDER

16

9.3          Section 1983 Claim Against Supervisory Defendant in Individual Capacity - Elements and Burden

9.8          Causation

9.10         Particular Rights—First Amd. - "Citizen" Plaintiff

9.25         Particular Rights—Eighth Amd. - Prisoner's Claim re Conditions of Confinement

1.6          What Is Evidence

1.7          What Is Not Evidence

1.8          Evidence for a Limited Purpose

1.9          Direct and Circumstantial Evidence

1.11         Credibility of Witnesses

2.11         Opinion Evidence, Expert Witnesses

2.12         Charts and Summaries Not Received in Evidence

2.13         Charts and Summaries in Evidence

1.3          Burden of Proof – Preponderance of the Evidence

1.4          Burden of Proof – Clear and Convincing Evidence

5.1          Damages – Proof

5.2          Measures of Types of Damages

5.5          Punitive Damages

5.6          Nominal Damages

1.14         Use of Notes

3.1          Duty to Deliberate

3.2          Communication With Court

3.3          Return of Verdict

ORDER

## 1.1A  DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### Comment

Instruction 1.1A may be used as a preliminary instruction if the court decides to provide a written set of preliminary instructions at the beginning of the trial which the jurors are permitted to keep with them.  In the final set of instructions, the court should substitute Instruction 1.1C.

ORDER

## 9.1  SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

### Comment

*See* 42 U.S.C. § 1983.

The committee notes that decisions of the Supreme Court and the Ninth Circuit seem to use the phrases "under color of law" and "under color of state law" interchangeably.  *Compare, e.g., Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994), and *Azer v. Connell,* 306 F.3d 930, 935 (9th Cir.2002) (using "under color of law") with *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), and *Meyers v. Redwood City*, 400 F.3d 765, 770 (9th Cir.2005) (using "under color of state law").  Because there is not any clear case authority to favor one phrase over the other, the committee uses only the statutory phrase "under color of law" in these instructions.

*Approved 2006*

## 9.2  SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against the defendant [*name of individual defendant*], the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of law; and

2.    the act[s] of the defendant deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. [[The parties have stipulated] [I instruct you] that the defendant acted under color of law.]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

### Comment

Use this instruction only in conjunction with an applicable "particular rights" instruction, such as Instructions 9.9–9.25.  Such an instruction should set forth the additional elements a plaintiff must establish to prove the violation of the particular constitutional right or federal law at issue.

This instruction does not include the phrase "the acts or omissions of the defendant were intentional" (as in an earlier version of the instruction) because § 1983 "contains no independent state-of-mind requirement" apart from what is necessary to state a violation of the underlying constitutional right.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).  The elements of a § 1983 claim are "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).  For cases interpreting "color of law," *see Anderson v. Warner,* 451 F.3d 1063 (9th Cir.2006), and *McDade v. West*, 223 F.3d 1135, 1139–40 (9th Cir.2000).

20

*Approved 2006*

## 9.3  SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against the supervisory defendant, [*name*], the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of law;

2.      the act[s] of the defendant's subordinate[s] [*name[s]*] deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and

3.      [the defendant directed [his] [her] subordinate[s] in the act[s] that deprived the plaintiff of these rights.]

*or*

[the defendant set in motion a series of acts by [his] [her] subordinates that [he] [she] knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights.]

*or*

[(a)      the defendant knew, or reasonably should have known, that [his] [her] subordinate[s] were engaging in these act[s] and that their conduct would deprive the plaintiff of these rights; and

(b)      the defendant failed to act to prevent [his] [her] subordinate[s] from engaging in such conduct.]

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. [[The parties have stipulated that] [I instruct you that] the defendant acted under color of law.]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

### Comment

Use this instruction only in conjunction with an applicable "particular rights" instruction, such as Instructions 9.9–9.25.  Such an instruction should set forth the additional elements a plaintiff must establish to prove the violation of the particular constitutional right or federal law at issue.

21

*Approved 2006*

In addition, use this instruction only if the plaintiff alleges a subordinate committed a constitutional violation and there is a causal connection between the violation and the supervisor's wrongful conduct.   Use Instruction 9.2 (Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof) if the plaintiff alleges a supervisor personally participated in a constitutional violation.

When there is a factual dispute concerning whether an individual is a supervisor for purposes of § 1983 liability, the court should also instruct the jury on the plaintiff's burden to prove the defendant's supervisory status.

This instruction provides alternative formulations to establish a supervisor's § 1983 liability based on various Ninth Circuit decisions:

In *Taylor v. List*, the court held a supervisor can be held liable in his or her individual capacity under § 1983 if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

In *Larez v. City of Los Angeles*, the court approved the district court's instruction that the jury could find a police chief liable in his individual capacity if he "set[ ] in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he kn[e]w or reasonably should [have] know[n], would cause others to inflict the constitutional injury."  (citations omitted).  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991).  *See also Motley v. Parks,* 432 F.3d 1072, 1081 (9th Cir.2005) and *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 848 (9th Cir.2003).

In *Jeffers v. Gomez*, the court held a supervisor may be individually liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001) (quoting *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (*en banc*)).

In short, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others."  *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir.2005) (citations omitted).

*Approved 2006*

## 9.8  CAUSATION

In order to establish that the act[s] of the defendant [*specify name of individual defendant, supervisor's subordinates, local governing body, or local body's official, police officer, employee, or final policymaker*] deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the act[s] [was] [were] so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

### Comment

In *Oviatt v. Pearce*, 954 F.2d 1470, 1481 (1992), the Ninth Circuit approved the trial court's "moving force" instruction on causation in a § 1983 *Monell* claim as follows:

> The district court instructed the jury that "in order for [the policy] to be the cause of injury, you must find that it is so closely related as to be the moving force causing the ultimate injury."  Because this instruction closely tracks the language in *City of Canton*, we find that it correctly stated the law and adequately covered the issue of causation.  *See City of Canton*, 489 U.S. at 391 ("the identified deficiency in a city's training program must be *closely related to the ultimate injury*."). (emphasis in original).

In *Jones v. Williams*, the Ninth Circuit affirmed a defense verdict in a § 1983 case in which the district judge gave the following "concurrent cause" instruction to address allegations of supervisory and group liability: "[M]any factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause."  *Jones v. Williams*, 297 F.3d 930, 937 n.7 (9th Cir.2002).

*Approved 2006*

**9.10  PARTICULAR RIGHTS—FIRST AMENDMENT—"CITIZEN" PLAINTIFF**

As previously explained, the plaintiff has the burden to prove that the act[s] of the defendant [*name*] deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendant deprived [him] [her] of [his] [her] rights under the First Amendment to the Constitution when [*insert factual basis of the plaintiff's claim*].

Under the First Amendment, a citizen has the right [to free expression] [to petition the government] [to access the courts] [other].  In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.    the plaintiff engaged in [speech] [other specified conduct] protected under the First Amendment;

2.    the defendant took action against the plaintiff; and

3.    [the plaintiff's protected [speech] [conduct]] [chilling the plaintiff's protected speech] was a substantial or motivating factor for the defendant's action.

[I instruct you that plaintiff's [speech in this case about [*specify*]] [*specify conduct*] was protected under the First Amendment and, therefore, the first element requires no proof.]

A substantial or motivating factor is a significant factor.

**Comment**

Use this instruction only in conjunction with the applicable elements instructions, Instructions 9.2–9.7, and when the plaintiff is a private citizen.  Use Instruction 9.9 (Particular Rights—First Amendment—Public Employees—Speech**)** when the plaintiff is a public employee.

Under the First Amendment to the United States Constitution, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment rights or to deter the citizen from exercising those rights in the future.  *Sloman v. Tadlock,* 21 F.3d 1462, 1469–70 (9th Cir.1994).  "Although officials may constitutionally impose time, place, and manner restrictions on political expression carried out on sidewalks and median strips, they may not 'discriminate in the regulation of expression on the basis of content of that expression.' . . .'State action designed to retaliate against and chill political expression strikes at the very heart of the First Amendment.' " *Id.* (citations omitted).

*Approved 2006*

Thus, in order to demonstrate a First Amendment violation, a citizen plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Id.* (quoting *Mendocino Env'l Ctr. v. Mendocino County,* 14 F.3d 457, 459–60 (9th Cir.1994). A plaintiff need not prove, however, that "his speech was actually inhibited or suppressed." *Mendocino Env'l Center v. Mendocino County,* 192 F.3d 1283, 1288 (9th Cir.1999). *See also Awabdy v. City of Adelanto,* 368 F.3d 1062, 1071 (9th Cir.2004).

In determining whether the First Amendment protects student speech in a public school, it is error to use the "public concern" standard applicable to actions brought by governmental employees. *Pinard v. Clatskanie School District 6J,* 467 F.3d 755, 759 (9th Cir.2006). Instead, the proper standard to apply to student speech is set forth in *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 514 (1969)*. Pinard* at 759.

25

*Approved 2006*

## 9.25  PARTICULAR RIGHTS—EIGHTH AMENDMENT—PRISONER'S CLAIM RE CONDITIONS OF CONFINEMENT/MEDICAL CARE

As previously explained, the plaintiff has the burden to prove that the act[s] of the defendant [*name*] deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendant deprived [him] [her] of [his] [her] rights under the Eighth Amendment to the Constitution when [*insert factual basis of the plaintiff's claim*].

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments."  In order to prove the defendant deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      [the plaintiff faced a substantial risk of serious harm] [the plaintiff faced a serious medical need];

2.      the defendant knew of that [risk] [medical need] and disregarded it; and

3.      the act[s] of the defendant caused harm to the plaintiff.

### Comment

Use this instruction only in conjunction with the applicable elements instructions, Instructions 9.2–9.7, and when the plaintiff is a convicted prisoner.  When the prisoner claims unconstitutional use of force, use Instruction 9.24 (Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Excessive Force).

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; to ensure that inmates receive adequate food, clothing, shelter, and medical care; and to "take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).  A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment.  *Id*. at 828 (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); and *Estelle v. Gamble*, 829 U.S. 97 (1976)).  "While *Estelle* establishes that deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id*. at 835.

In *Farmer*, the Supreme Court held an Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective component test.  *Farmer*, 511 U.S. at 834.  A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions

*Approved 2006*

of confinement unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *Accord, Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir.2002) ("The inmates must demonstrate that they were confined under conditions posing a risk of 'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. . . . Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation.").

In *Estelle v. Gamble*, the Supreme Court held a prison official's deliberate indifference to serious medical needs violates the Eighth Amendment. 427 U.S. at 106. A serious medical need is present whenever the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Clement v. Gomez*, 298 F.3d at 904 (citations omitted).

Although the Eighth Amendment also provides a minimum standard for protecting pretrial detainees from conditions of confinement that amount to punishment, claims by pretrial detainees challenging such conditions arise under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see also Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir.1986) and *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1160 (9th Cir.2003). In addition, when the plaintiff is detained pursuant to a civil commitment, the Eighth Amendment is not the proper vehicle to challenge the conditions of commitment. *See Hydrick v. Hunter*, 466 F.3d 676, 696 (9th Cir.2006). Instead, the plaintiff's rights are analyzed under the Fourteenth Amendment. *Id.*

*Approved 2006*

## 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that [*plaintiff's claims*].  The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [*defendant's affirmative defenses*]]. [The defendant has the burden of proof on these [*affirmative defenses.*]]

[The plaintiff denies [*defendant's affirmative defenses*].]

28

## 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

This instruction may not apply to cases based on state law.

29

*Approved 2006*

## 1.4  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

*See Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (defining clear and convincing evidence).  *See also Murphy v. I.N.S.*, 54 F.3d 605, 610 (9th Cir.1995) (the burden of proving a matter by clear and convincing evidence is "a heavier burden than the preponderance of the evidence standard").

In cases in which the preponderance of the evidence standard is not defined, it may be necessary to modify this instruction.

In certain civil cases, the higher standard of proof by "clear and convincing evidence" applies.  *See*, *e.g.*, Chapter 15 ("Trademark") Instruction 15.20 (Defenses—Abandonment— Affirmative Defense—Defendant's Burden of Proof), Instruction 15.22 (Defenses—"Classic" Fair Use), and Instruction 15.23 (Defenses—Nominative Fair Use).

This instruction  may not apply to cases based on state law.

*Approved 2006*

## 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

*Approved 2006*

**1.6  WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

*Approved 2006*

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case.  *See also* Instruction 1.6 (What Is Evidence).

33

*Approved 2006*

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue), *cert. denied*, 525 U.S. 973 (1998).

*See also* Instructions 1.7 (What is Not Evidence) and 2.8 (Impeachment Evidence—Witness).

34

*Approved 2006*

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### Comment

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

35

*Approved 2006*

## 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

*Approved 2006*

## 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

*Approved 2006*

## 1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

### Comment

An abbreviated instruction should be repeated before the first recess and as needed before other recesses.

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread.  *See, e.g., United States v. Pino–Noriega*, 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied*, 528 U.S. 989 (1999).

State court practice in some jurisdictions does allow discussion.

*Approved 2006*

If the court decides to allow discussion, substitute the following language for the final paragraph of the instruction:

You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.  You are to keep an open mind throughout the case until you have fully deliberated.

*Approved 2006*

## 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

### Comment

The practice of discouraging readbacks of testimony has been criticized in *United States v. Damsky*, 740 F.2d 134, 138 (2d Cir.), *cert. denied*, 469 U.S. 918 (1984).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.2.D (2004).

The court may wish to repeat this instruction in the instructions at the end of the trial.

*Approved 2006*

## 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (2004).

41

*Approved 2006*

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

42

*Approved 2006*

**1.19  OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Approved 2006*

## 1.1C  DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### Comment

Instruction 1.1C should be used with the written final set of the instructions to be sent to the jury. Bracketed material should be selected to cover whether single or multiple sets of written instructions are provided.

*Approved 2006*

## 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

*Approved 2006*

**1.6  WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

*Approved 2006*

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case.  *See also* Instruction 1.6 (What Is Evidence).

47

*Approved 2006*

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court.  *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue), *cert. denied*, 525 U.S. 973 (1998).

*See also* Instructions 1.7 (What is Not Evidence) and 2.8 (Impeachment Evidence—Witness).

48                                                          *Approved 2006*

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### Comment

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

*Approved 2006*

## 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

*Approved 2006*

## 2.11  EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 602, 701–05.

*Approved 2006*

## 2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Comment

This instruction applies only where the charts and summaries are not received into evidence and are used for demonstrative purposes.  *See* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.10A (2004).

*Approved 2006*

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

*See United States v. Johnson*, 594 F.2d 1253, 1254-55 (9th Cir.1979) (error to permit the introduction of a summary of evidence without the establishment of a foundation for the evidence).  *See also* Fed. R. Evid. 1006. *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.10A(1) (2004).  This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

53

*Approved 2006*

## 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

This instruction may not apply to cases based on state law.

*Approved 2006*

## 1.4  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

*See Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (defining clear and convincing evidence). *See also Murphy v. I.N.S.*, 54 F.3d 605, 610 (9th Cir.1995) (the burden of proving a matter by clear and convincing evidence is "a heavier burden than the preponderance of the evidence standard").

In cases in which the preponderance of the evidence standard is not defined, it may be necessary to modify this instruction.

In certain civil cases, the higher standard of proof by "clear and convincing evidence" applies. *See*, *e.g.*, Chapter 15 ("Trademark") Instruction 15.20 (Defenses—Abandonment— Affirmative Defense—Defendant's Burden of Proof), Instruction 15.22 (Defenses—"Classic" Fair Use), and Instruction 15.23 (Defenses—Nominative Fair Use).

This instruction  may not apply to cases based on state law.

*Approved 2006*

## 5.1  DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's ____ claim], you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

[*Here insert types of damages.  See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### Comment

If liability is not disputed, this instruction should be modified accordingly.

*Approved 2006*

## 5.2  MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and which with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] which with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] required to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] which with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property which was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

57

*Approved 2006*

[The lesser of the following:

1.    the reasonable cost of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2.    the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]


### Comment

Insert only the appropriate bracketed items into Instruction 5.1 (Damages—Proof). Additional paragraphs may have to be drafted to fit other types of damages. Particular claims may have special rules on damages. *See*, *e.g.*, Instruction 7.11 (Maintenance and Cure), 11.7A (Age Discrimination—Damages—Back and Front Pay—Mitigation), and 11.7B (Age Discrimination—Damages—Willful Discrimination—Liquidated Damages).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a(b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848 (2001). *See also Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the definition of front pay and back pay); Introductory Comment to Chapter 10.

In Title VII and ADA cases, the court, not the jury, determines the amount of back pay. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir.2005); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975).

*Approved 2006*

## 5.5  PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

[Punitive damages may not be awarded against _____.]  [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.]  [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

### Comment

Punitive damages are not available in every case.  For example, punitive damages are not available against municipalities, counties, or other governmental entities unless expressly authorized by statute.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-71 (1981).  Punitive damages may, however, be available against governmental employees acting in their individual capacities.  *See Monell v. New York City Dept. of Soc. Services,* 436 U.S. 658 (1978); *City of Newport,* 453 U.S. at 254.  In diversity cases, look to state law for an appropriate instruction.

*Approved 2006*

Regarding when punitive damages may be awarded in Title VII actions, *see Kolstad v. American Dental Ass'n.*, 527 U.S. 526 (1999); *Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1026-27 (9th Cir.2000).  *See also Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 514 (9th Cir.2000).

Punitive and compensatory damages are subject to caps in Title VII cases.  *See* 42 U.S.C. 1981a(b)(3).  Regarding the amount of damages available under Title VII, *see Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999).  The cap does not apply to front pay and back pay.  *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001).  *See also Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the definition of front pay and back pay); Introductory Comment to Chapter 10.

If punitive damages are available, and evidence of defendant's financial condition is offered in support of such damages, the judge may be requested to instruct the jury during trial and/or at the end of the case about the limited purpose of such evidence.  *See* Instruction 1.8 (Evidence for Limited Purpose) and numbered paragraph (3) in Instruction 1.7 (What Is Not Evidence).

Regarding oppressive conduct, *see Dang v. Cross*, 422 F.3d 800, 806 (9th Cir.2005) (holding it was error not to instruct on oppressive conduct as an alternative basis for punitive damages).

Regarding degree of reprehensibility and punitive damages generally, *see Philip Morris USA v. Williams* 127 S. Ct. 1057, 1063 (2007*), BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *see also Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir.1993) ("*Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future.").  *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003), referring to *Gore* and *Haslip* and stating that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios

*Approved 2006*

in range of 500 to 1, or, in this case, of 145 to 1.  The *State Farm* Court went on to say that "because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" *Id.* (quoting *Gore*, 517 U.S. at 582.) For an application of the *State Farm* ratio principles in the context of a 42 U.S.C. § 1981 case, *see Bains LLC v. Arco Prods. Co.,* 405 F.3d 764, 774-77 (9th Cir.2005).

*Approved 8/2007*

*Approved 2006*

## 5.6  NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

### Comment

Nominal damages are not available in every case.  The court must determine whether nominal damages are permitted.  *See, e.g., Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir.1994) (Section 1983 action), *cert. denied*, 513 U.S. 1148 (1995); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir.1992) (Title VII action).

Regarding cases brought under 42 U.S.C. § 1983, *see George v. City of Long Beach*, 973 F.2d 706 (9th Cir.1992); *Floyd v. Laws*, 929 F.2d 1390, 1401 (9th Cir.1991).

*Approved 2006*

## 1.14  TAKING NOTES

[Modified]

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

*Approved 2006*

**3.1  DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Approved 2006*

## 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

*Approved 2006*

### 3.3  RETURN OF VERDICT

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### Comment

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

*Approved 2006*