IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR VILLEGAS,<br>    Plaintiff,<br> vs.<br>K. BUCKLEY, et al.,<br>    Defendants. | Case No. 2:02-cv-01613 (JKS)<br><br>ORDER |

  On June 20, 2008, Plaintiff filed an untimely motion requesting a 30-day extension of discovery. Docket No. 59. Plaintiff's motion was denied as the Court determined Plaintiff had been given sufficient time for discovery and that he had failed to allege good cause for modifying the schedule. Docket No. 61. Currently before the Court is Plaintiff's motion for reconsideration. Docket No. 63. Plaintiff alleges he has been unable to effectively litigate his case because he suffers from Post Traumatic Stress Disorder ("PTSD") brought on by alleged torture and comments from his psychologist, Dr. Spencer. Docket No. 63 at 2. He seeks reconsideration of the Court's order denying an extension of discovery and requests that no settlement conference be set before July 20, 2008.[1]

  Dates set in a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 "good cause" standard focuses on the "reasonable diligence" of the moving party. *Noyes v. Kelly Services*, 433 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The district

---

[1] United States Magistrate Judge Drozd has set a settlement conference for July 21, 2008. Docket No. 64. Plaintiff's second request is therefore moot.

1

court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking extension.'" *Johnson*, 975 F.2d at 609.

Plaintiff recognizes he has not diligently pursued discovery during the 18 months that were available. *See* Docket No. 63. Instead, Plaintiff argues his lack of diligence should be excused because he suffers from PTSD. Had Plaintiff moved to extend discovery before the deadline, described with some detail the discovery sought and its relevance, and supported his motion with medical records and affidavits, the Court might have granted it. However, that is simply not the case here. Plaintiff waited more than two months after the expiration of an 18-month period of discovery to file his motion. His motion, and his request for reconsideration, failed to inform the Court what discovery remains and why it is necessary. Finally, although Plaintiff alleges to suffer from PTSD, he has failed to support this contention or explain how the alleged condition prevented him from completing discovery in the allotted time. Plaintiff has had years to conduct discovery and prepare his case; it is time for the parties to have their day in court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration at **Docket No. 63** is **DENIED**.

Dated this the 8th day of July 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER